IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AUSTIN A. HASKINS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3279 |
| | ) | |
| vs. | ) | PRISONER PAYMENT ORDER |
| | ) | |
| MIKE KENNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, a prison inmate, has filed a civil complaint and a request to proceed in forma pauperis. Although the Clerk of Court has requested a certified copy of the plaintiff's trust account information from his institution, no such information has been provided. Therefore, the plaintiff shall pay an initial partial filing fee of **$1.00** by on or before **February 2, 2006**, in the absence of which this matter may be subject to dismissal. The plaintiff is permitted to proceed in forma pauperis.

Pursuant to the Prison Litigation Reform Act, an incarcerated civil plaintiff is required to pay the full amount of the court's $250.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding in forma pauperis.[1] 28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co.,173 F. Supp.2d 951 (D. Neb. 2001).

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 [twenty] percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden upon the prisoner's institution to collect the additional monthly payments and forward them to the Court. 28 U.S.C. § 1915(b). Therefore, plaintiff's institution is required to collect those payments as follows:

(1) After payment of the initial partial filing fee, plaintiff's institution shall collect twenty (20) percent of each deposit made to plaintiff's account.

---

[1]THE "THREE STRIKES" RULE**:** If this action is later dismissed as frivolous, malicious, or for failure to state a claim, then the dismissal will count against the prisoner for purposes of the "three-strikes" rule in 28 U.S.C. § 1915(g). The three-strikes rule means that if a prisoner's complaints are dismissed on 3 occasions as frivolous, malicious, or for failure to state a claim, the prisoner may not proceed in forma pauperis thereafter in future complaints and appeals, unless, pursuant to the only exception to this rule, the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1

   (a) Deposit is defined as all gifts, wages, or other income credited to plaintiff's account, with the exception of credits for institutional activities or canteen refunds, less court-ordered child support, restitution, or other funds subject to a court order or judgment. (That is, the 20-percent deduction shall be calculated only after all child support, restitution, and other court-ordered amounts have been deducted from the deposit.)

   (2)  The institution shall hold in a separate account the amount collected from each deposit for payment to the Court.  The institution shall clearly indicate the amount collected from each plaintiff for each case subject to a payment order by this Court.  On or before the tenth day of each month, the institution shall forward to the Court the amount collected from plaintiff during the preceding month, but only if at any time during the preceding month plaintiff's account balance exceeded $10.  If plaintiff's account balance did not exceed $10 at any time during the preceding month, then the institution shall return the amount collected to plaintiff's account.

   (3)  The institution shall continue to collect twenty (20) percent of the deposits to plaintiff's account until the entire amount of the $250 filing fee has been collected (with a deduction for the amount of the initial partial filing fee paid separately by plaintiff).

   (4)  If plaintiff has filed more than five civil cases so that the collection from plaintiff's trust account would exceed one hundred (100) percent of a deposit (as defined above), then the first five orders received by the institution shall take precedence over orders received later in time.  Once plaintiff's obligation to pay the filing fee for a case has been fulfilled, or the Court directs the institution to cease collection of payments for a case, then the next order shall be in effect, and the institution shall collect the payments from plaintiff's deposits in accordance with that order.  This process shall continue until all of the filing fees have been paid for each case filed by plaintiff or the Court directs the institution to cease collection of the payments.

*See* 28 U.S.C. § 1915(b)(2).

The plaintiff is responsible for payment of the entire filing fee, even if the case is dismissed at some later time.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co.,173 F. Supp.2d 951 (D. Neb. 2001) .  The Court will not refund any amount collected as a filing fee.  Accordingly,

   IT IS ORDERED:

   1. The plaintiff's request to proceed in forma pauperis is granted, subject to payment of the initial partial filing fee and subsequent monthly partial filing fees.

   2. The plaintiff is given until **February 2, 2006**, to pay an initial partial filing fee of **$1.00** to the Clerk of Court.  Partial payments of the **$1.00** initial fee will not be accepted.

In the absence of such payment, this matter will be subject to dismissal. The plaintiff remains responsible for payment of the entire filing fee.

      3. After payment of the initial partial filing fee, the plaintiff's institution shall collect twenty (20) percent of each deposit made to the plaintiff's account. Thereafter, the amount collected from each deposit shall be held in escrow by the institution for payment to the Court. The institution shall clearly indicate the amount collected from each plaintiff for each case subject to a payment order by this court. On or before the tenth day of each month, the institution shall forward to the court the amount collected from the plaintiff's deposits during the preceding month, but only if at any time during the preceding month the plaintiff's account balance exceeded $10. If the plaintiff's account balance did not exceed $10 at any time during the preceding month, then the institution shall return the amount collected to the plaintiff's account. The institution shall continue to collect such amounts until the entire $250 filing fee has been collected (with a deduction for the amount of the initial partial filing fee paid separately by the plaintiff).

      4. The Clerk of Court shall serve a copy of this order on the appropriate officer at the plaintiff's institution.

      5. The plaintiff shall keep the court informed of his current address at all times while this case is pending.

      6. The plaintiff is bound by the Federal Rules of Civil Procedure and by the Local Rules of this court in the prosecution of this case. The federal rules are available at any law library, and the local rules are available from the Clerk of Court, and also on the court's web site at www.ned.uscourts.gov.

      7. The plaintiff is requested to review the "**Notice Regarding Summons Forms**" on the next page of this Order.

      DATED this 22nd day of December, 2005.

      BY THE COURT:

      s/F.A. GOSSETT
      United States Magistrate Judge

## NOTICE REGARDING SUMMONS FORMS
## FOR PLAINTIFFS WHO ARE PRO SE PRISONERS
## PROCEEDING IN FORMA PAUPERIS

A prisoner who is proceeding pro se and in forma pauperis as the plaintiff in a civil case shall **not** provide the court with summons forms (or Form 285) for service of process on the defendant(s) **until** notified to do so by the Clerk of Court.

The Prison Litigation Reform Act ("PLRA") requires the court to screen complaints brought by prisoners. Therefore, the court conducts "initial review" of a complaint filed by a prisoner before any summons can be served on a defendant.

Generally, the court conducts "initial review" shortly after the Clerk of Court receives the initial partial filing fee from the plaintiff. The initial partial filing fee is ordered by the court after the Clerk of Court has received the plaintiff's inmate trust account statements.

Then, after the trust account statements have been received, the initial partial filing fee has been paid, and initial review has been completed, the Clerk of Court arranges for service of process as follows:

1. The Clerk of Court will be directed by a District Judge or Magistrate Judge to send the plaintiff a blank summons form for each defendant named in the caption of the case, together with Form 285.

2. The plaintiff shall thereafter complete the summons form(s) and Form 285, because without those forms, service of process cannot occur.

3. The plaintiff shall then mail the completed summons form(s) and Form 285 to the Clerk of Court. Upon receipt of the completed forms from the plaintiff, the Clerk of Court will sign the summons form(s) to be sent by the Clerk, together with a copy of the complaint for each defendant, to the U.S. Marshal for service on the defendant(s).

4. Because the plaintiff is proceeding in forma pauperis, the plaintiff is not responsible for copying the complaint or arranging for service of process.

**THEREFORE, ALL PLAINTIFFS ARE REQUESTED NOT TO SEND SUMMONS FORMS TO THE COURT UNLESS THE CLERK OF COURT HAS FIRST SENT THE FORMS TO THE PLAINTIFF AFTER "INITIAL REVIEW" HAS BEEN COMPLETED, AS STATED ABOVE.**